# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-1004V
## (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
                                            \*
                                            \*
EDWARD ESPINOSA,                            \*
                                            \*
                  Petitioner,               \*   Filed: December 21, 2021
                                            \*
                                            \*
v.                                          \*
                                            \*   Decision by Stipulation; Damages;
                                            \*   Tetanus-diphtheria-acellular pertussis
SECRETARY OF HEALTH AND                     \*   ("Tdap") Vaccine; Guillain-Barré
HUMAN SERVICES,                             \*   syndrome.
                                            \*
                  Respondent.               \*
                                            \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

*Jessica Olins*, Maglio Christopher & Toale, P.A., Seattle, WA, for Petitioner
*Jeremy Fugate*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON JOINT STIPULATION[1]

On August 12, 2020, Edward Espinosa ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges he suffered from Guillain-Barré syndrome as a result of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccination he received on June 19, 2018. *See* Stipulation ¶ 2, 4, dated December 21, 2021 (ECF No. 32); *see also* Petition.

Respondent denies "that the Tdap vaccine caused petitioner's alleged GBS, or any other

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

injury; and denies that his current condition is a sequelae of a vaccine-related injury." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed December 21, 2021 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a lump sum of $83,291.00 in the form of a check payable to petitioner.

Stipulation ¶ 8. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
**************************************
EDWARD ESPINOSA,                      *
                                      *
              Petitioner,             *      No. 20-1004V
                                      *      Special Master Oler
v.                                    *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
              Respondent.             *
**************************************
```

### STIPULATION

The parties hereby stipulate to the following matters:

1.    Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.    Petitioner received the Tdap vaccine on June 19, 2018.

3.    The vaccine was administered within the United States.

4.    Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") after receipt of the Tdap vaccine, that his GBS was caused-in-fact by receipt of the Tdap vaccine, and that he suffered the residual effects of this injury for more than six months.

5.    Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6.    Respondent denies that the Tdap vaccine caused petitioner's alleged GBS, or any other injury; and denies that his current condition is a sequelae of a vaccine-related injury.

7.    Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.    As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $83,291.00, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.    As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.    Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.    Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

12.     The parties and their attorneys further agree and stipulate that, except for any
award for attorneys' fees, and litigation costs, the money provided pursuant to this Stipulation
will be used solely for the benefit of petitioner as contemplated by a strict construction of 42
U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in his
individual capacity and on behalf of his heirs, executors, administrators, successors or assigns,
does forever irrevocably and unconditionally release, acquit and discharge the United States and
the Secretary of Health and Human Services from any and all actions or causes of action
(including agreements, judgments, claims, damages, loss of services, expenses and all demands
of whatever kind or nature) that have been brought, could have been brought, or could be timely
brought in the Court of Federal Claims, under the National Vaccine Injury Compensation
Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all
known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting
from, or alleged to have resulted from, the Tdap vaccine administered on June 19, 2018, as
alleged by petitioner in a petition for vaccine compensation filed on or about August 12, 2020, in
the United States Court of Federal Claims as petition No. 20-1004V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be
voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the
terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity
with a decision that is in complete conformity with the terms of this Stipulation, then the parties'
settlement and this Stipulation shall be voidable at the sole discretion of either party.

3

16.     This Stipulation expresses a full and complete negotiated settlement of liability

and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended,

except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of

the parties hereto to make any payment or to do any act or thing other than is herein expressly

stated and clearly agreed to. The parties further agree and understand that the award described in

this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

17.     This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged GBS

or any other injury or any of his alleged current disabilities.

18.     All rights and obligations of petitioner hereunder shall apply equally to

petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

DocuSign by:

*ᵉᵉ*

3FC7BE52840C443

EDWARD ESPINOSA

**ATTORNEY OF RECORD**
**FOR PETITIONER:**

JESSICA OLINS
Maglio Christopher & Toale, P.A.
1325 4th Ave. Suite 1730
Seattle, WA 98101
Tel: (888) 952-5254
Email: Jolins@mctlaw.com

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

Dale P. Mishler, DHSc, MS, APRN, for

TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

Jeremy C Fugate
by Heather LPearl

JEREMY C. FUGATE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181
Email: Jeremy.Fugate2@usdoj.gov

Dated: 12/21/2021

5